IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INVISTA S.à r.l. and INVISTA (Canada) Company, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-119-GMS |
| Fiber Resources International, Inc., | ) ) | |
| Defendant. | ) | |

### REPLY TO COUNTERCLAIM

Plaintiffs INVISTA S.à r.l. and INVISTA (Canada) Company (collectively "INVISTA" or "Plaintiff") hereby file their Reply to Counterclaim of Defendant Fiber Resources International, Inc. ("FRI"), and show the Court as follows:

23. INVISTA admits that FRI purchased fiber from INVISTA's predecessor, DuPont Textiles ("DuPont"). INVISTA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23, and the same are therefore denied.

24. INVISTA admits that FRI sold fiber purchased from DuPont to customers for use in concrete. INVISTA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24, and the same are therefore denied.

25. INVISTA denies the allegations of Paragraph 25.

26. INVISTA denies the allegations of Paragraph 26.

27. INVISTA denies the allegations of Paragraph 27.

28. INVISTA admits that it subsequently learned that Nycon may have been one of FRI's customers. INVISTA denies the remaining allegations of Paragraph 28.

29. INVISTA admits that it purchased the assets of DuPont. INVISTA denies the

remaining allegations of Paragraph 29.

30.     INVISTA admits that FRI purchased fiber from DuPont and thereafter INVISTA. INVISTA further admits that it has sold fiber to Nycon. INVISTA denies the remaining allegations of Paragraph 30.

## COUNT I
## BREACH OF CONTRACT

31.     INVISTA incorporates by reference its responses to Paragraphs 23 through 30.

32.     INVISTA denies the allegations of Paragraph 32.

33.     INVISTA denies the allegations of Paragraph 33.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

34.     INVISTA incorporates by reference its responses to Paragraphs 23 through 33.

35.     INVISTA admits that it subsequently learned that FRI may have sold fiber purchased from INVISTA to Nycon. INVISTA denies the remaining allegations of Paragraph 35.

36.     INVISTA denies the allegations of Paragraph 36.

37.     INVISTA denies the allegations of Paragraph 37.

## COUNT III
## TORTIOUS INTERFERENCE
## WITH PROSPECTIVE BUSINESS RELATIONS

38.     INVISTA incorporates by reference its responses to Paragraphs 23 through 37.

39.     INVISTA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and the same are therefore denied.

40.     INVISTA admits that it subsequently learned that FRI may have sold fiber purchased from INVISTA to Nycon. INVISTA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40, and the same are

therefore denied.

41. INVISTA denies the allegations of Paragraph 41.

42. INVISTA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and the same are therefore denied.

43. INVISTA denies the allegations of Paragraph 43.

## GENERAL DENIAL

Except as specifically admitted, INVISTA denies each and every allegation contained in FRI's Counterclaim, and denies that FRI is entitled to any of the relief requested in its Prayer for Relief.

## FIRST DEFENSE

FRI's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

FRI's claims are barred, in whole or in part, based upon FRI's material breach of the agreements between the parties.

## THIRD DEFENSE

FRI's claims are barred, in whole or in part, based upon the doctrine of unclean hands.

## FOURTH DEFENSE

FRI's claims are barred, in whole or in part, based upon the Statute of Frauds.

## FIFTH DEFENSE

Any damages or relief claimed by FRI is offset by the damages that INVISTA has suffered by FRI's unlawful conduct.

## SIXTH DEFENSE

On information and belief, FRI has failed to take reasonable steps to mitigate its claimed damages.

## SEVENTH DEFENSE

Responding to the individually numbered paragraphs of FRI's Counterclaim, INVISTA responds as follows:

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and defended, Plaintiffs INVISTA S.à r.l. and INVISTA (Canada) Company respectfully pray that the Court:

1. Dismiss all Counts of FRI's Counterclaim with prejudice;

2. Enter judgment in favor of INVISTA and against FRI on all counts of its Counterclaim;

3. Award INVISTA the costs of this action and its reasonable attorneys' fees incurred in defending against FRI's Counterclaim; and

4. Award INVISTA such other and different relief as this Court deems just and proper.

*Kelly E. Farnan* (signature)

Jeffrey L. Moyer (#3309)
moyer@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
*Attorneys for Plaintiffs INVISTA S.à r.l.
and INVISTA (Canada) Company*

*OF COUNSEL:*
Robert L. Lee
Rebecca B. Crawford
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000

Dated: May 21, 2007

RLF1-3153851-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the address and in the manner indicated below:

BY HAND DELIVERY:

Thomas C. Marconi
Losco & Marconi, P.A.
1813 North Franklin Street
Wilmington, DE 19899

*Kelly E. Farnan*
Kelly E. Farnan (#4395)

RLF1-3153916-1