IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INVISTA S.à r.l. and INVISTA (Canada) Company, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-119 (GMS) |
| FIBER RESOURCES INTERNATIONAL, INC., | ) ) ) ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Plaintiffs INVISTA S.à.r.l. and INVISTA (Canada) Company ("Plaintiffs") and Defendant Fiber Resources International, Inc. ("Defendant") jointly submit this Joint Status Report, pursuant to the Court's August 16, 2007, Order.

**1.      Jurisdiction, Service and Venue:**

The parties agree that subject matter jurisdiction over all claims alleged in the Complaint can lie in the Federal Courts on the basis of diversity of citizenship. Plaintiffs aver that Defendant is subject to the personal jurisdiction of this Court because it expressly consented to the jurisdiction of federal courts in Delaware in the agreements that form the basis of this action for breach of contract. Plaintiffs assert that no parties remain to be served.

Defendant contends that this Court lacks in personum jurisdiction over it first because Defendant has insufficient contacts with the State of Delaware under the standards set forth in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d. 528 (1985), and Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Defendant also contends that service of process was improper in that service was attempted by

serving Defendant's registered agent in Georgia. Defendant was not served with a notice of this action such that it could waive service pursuant to Rule 4(d), nor was service effected pursuant to Rule 4(e). Defendant also denies that it contractually consented to jurisdiction in this district. As to venue, Defendant contends the venue in this district is improper, and Defendant intends to file a motion to transfer the matter to the U.S. District Court for the Northern District of Georgia.

## 2. Substance of the Action:

Plaintiffs' Statement:

Plaintiffs are in the business of selling integrated fibers and polymers. Amongst itsother businesses, Plaintiffs sell off-quality fiber for use in various products and for various applications. Plaintiffs began selling off-quality fiber to Defendant at least as early as 2001 through a series of individual purchase orders. From April through June 2006, Defendant purchased fiber in the amount of $589,471.26 from Plaintiffs in a series of transactions. The terms of the individual purchase orders were confirmed in Order Acknowledgements and Invoices for each transaction. Defendant accepted the fiber shipped by Plaintiffs in connection with each purchase transaction. Defendant has not paid for the fiber it received from Plaintiffs from May through June 2006, and the amount due and owing to Plaintiffs under the individual agreements is $589,471.26.

Defendant's counterclaims are premised on the incorrect assertion that Plaintiffs' predecessor, DuPont Textiles ("DuPont"), and Defendant had an agreement whereby Defendant would expand and promote the market for fiber used to reinforce concrete that was sold by DuPont and that, in exchange, Defendant would have the exclusive right to sell fiber for use in the reinforcement of concrete. Neither DuPont nor Plaintiffs entered into any agreement to grant Defendant the exclusive right to sell fiber for concrete reinforcement. Defendant's

counterclaims for breach of contract, tortious interference with contractual relations, and tortious interference with prospective business relations fail because there was no agreement that Defendant would have the exclusive right to sell fiber for concrete reinforcement.

Defendant's Statement:

Defendant admits that it purchased material from one or both Plaintiffs having a value of $589,471.26 and that it did not pay for that material. Defendant did not pay for the material because it has set off claims against Plaintiffs which, upon information and belief, equal or exceed the value of the main claim. The substance of the set off/counterclaim is that Plaintiffs, or one of them, improperly interfered with the contractual relationship between Defendant and customers by selling the same material directly to those customers in violation of an ongoing, oral exclusivity agreement pursuant to which Plaintiff agreed that Fiber had the exclusive right to sell the material to those customers. It is unknown to Defendant precisely how long Plaintiffs have been selling the material to Fiber's customers in violation of the exclusivity agreement or the value of such sales but to will seek this information through discovery.

**3.    Identification of Issues:**

Joint Statement of the Issues:

- A.    Whether Defendant breached its contracts with Plaintiffs by failing to pay for fiber Defendant accepted in the amount of $589,471.26?

- B.    Whether Defendant owes Plaintiffs pre-judgment and post-judgment interest for failing to pay the amounts due and owing to Plaintiffs on the contracts within thirty (30) days of the individual invoices?

- C.    Whether Defendant owes Plaintiffs costs, attorneys' fees, and expenses for defaulting on the contracts?

D.  Whether DuPont and Defendant entered into an agreement whereby Defendant would have the exclusive right to sell fiber for concrete reinforcement purchased from DuPont or its successor, Plaintiffs?

E.  Whether Plaintiffs or their predecessor breached a contract whereby Defendant would have the exclusive right to sell fiber for concrete reinforcement purchased from DuPont or Plaintiffs?

F.  Whether Defendant's claims are barred based upon Defendant's material breach of the individual purchase order agreements between the parties?

G.  Whether Defendant's claims are barred based upon the doctrine of unclean hands?

H.  Whether Defendant's claims are barred based upon the Statute of Frauds?

I.  Whether any damages or relief claimed by Defendant is offset by the damages that Plaintiffs have suffered by Defendant's unlawful conduct?

J.  Whether Defendants have failed to take reasonable steps to mitigate its claimed damages?

K.  What were the terms to the purchase and sale of the concrete reinforcement material?

**4.    Narrowing of Issues:**

Plaintiff contends that the parties are unable to evaluate the possibility of which issues may be narrowed by agreement or by early dispositive motions until the parties conduct initial discovery.

Defendant contends that the only issues that can be disposed of by motion are those related to jurisdiction, service, and venue. Defendant contends that the parties will require discovery before filing an appropriate motion. Defendant further contends that the other facts,

particularly the substantive facts relating to Defendant's set off claims, probably cannot be disposed of by motion.

5. **Relief:**

Plaintiffs request that the Court find that Defendant breached its agreements with Plaintiffs and that the Court dismiss Defendant's counterclaims. Plaintiffs seek damages in the amount of no less than $589,471.26, plus pre-judgment and post-judgment interest, and an award of their costs, expenses and fees incurred in this action.

Defendant seeks set off of Plaintiffs' claim by the amount of its claim against Plaintiffs. To the extent that Defendant's counterclaim exceeds the value of the main claim, Defendant seeks judgment against Plaintiffs for the amount of the difference.

6. **Amendment of Pleadings:**

The parties do not anticipate that they will need to amend their pleadings; however, they reserve the right to do so within the time period set forth in the schedule entered by the Court.

7. **Joinder of Parties:**

The parties do not anticipate that they will need to join additional parties; however, they reserve the right to do so within the time period set forth in the schedule entered by the Court.

8. **Discovery:**

The parties anticipate written discovery in the form of Interrogatories, Requests for Production, and/or Requests for Admissions. The number and extent of depositions taken will depend on the identification of individuals and issues in response to written discovery. The parties propose that the parties adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure, except as further ordered by the Court.

Defendant believes that discovery on the jurisdiction and venue issues can most likely be completed within a 120 days.

**9.  Estimated Trial Length:**

The parties estimate that the trial of this action will take three (3) to five (5) days. The parties do not believe that it is feasible or desirable to bifurcate issues for trial or use an alternative means of presenting evidence. Plaintiffs' proposed scheduling order is Attached as Exhibit A. Defendant has not agreed to this schedule and has not proposed an alternative schedule.

**10.  Jury Trial:**

Plaintiffs aver that the parties have waived a right to a jury trial through issuance and acceptance of the Terms and Conditions of Sale accompanying each Order Acknowledgement. Defendant deny acceptance of the alleged Terms and Conditions, but are willing to consent to a bench trial.

**11.  Settlement:**

Although the possibility of settlement has been discussed, this matter is not capable of resolution at this point. Plaintiffs believe an early settlement conference with one of the Magistrate Judges would be helpful in resolving the case and respectfully request that the Court refer this matter to a Magistrate Judge for mediation. Defendant believes the parties will be in a better position to discuss settlement following discovery. Defendant is willing to mediate the matter before the U.S. Magistrate but request that the mediation not be held until after the jurisdiction and venue issues are resolved.

**12.  Other Matters Conducive to Just, Speedy and Inexpensive Determination:**

The parties are unaware of any matters not set forth above that meet this criteria.

13.  **Statement of Meet and Confer:**

The parties hereby confirm that counsel have met and conferred about each of the above matters.

*Kelly E. Farnan* (signature)
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, DE  19899
Tel: (302) 651-7700
Fax: (302) 651-7701

*Of Counsel:*

Robert L. Lee
Rebecca B. Crawford
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

*Attorneys for Plaintiffs
INVISTA S.à r.l. and INVISTA
(Canada) Company*

  */s/ Thomas C. Marconi*
Thomas C. Marconi (#2761)
1818 North Franklin Street
P.O. Box 1677
Wilmington, DE  19899
Tel: (302) 656-2284
Fax: (302) 656-3081

*Attorney for Defendant*

Dated:  September 14, 2007

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVISTA S.à r.l. and INVISTA (Canada) Company,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Fiber Resources International, Inc.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 07-119-GMS<br>)<br>)<br>)<br>) |

### [PROPOSED] SCHEDULING ORDER

This _____ day of September 2007, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on September 21, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**: Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rules of Civil Procedure 26(a) on or before October 5, 2007.

2. **Joinder of other Parties and Amendment of Pleadings**: All motions to join other parties and amend the pleadings shall be filed on or before November 16, 2007.

3. **Discovery**: All discovery in this case shall be initiated so that it will be completed on or before January 18, 2008. Opening expert reports for the party bearing the burden of prove shall be served on or before December 14, 2007. Rebuttal expert reports shall be served on or before January 11, 2008.

  a. **Discovery and Scheduling Matters**: Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a joint, non-argumentative letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a TWO PAGE LETTER, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than TWO PAGES. The party seeking relief may then file a reply letter of no more than TWO PAGES within three (3) days from the date of service of the answering letter.

  4. **Confidential Information and Papers filed under Seal**: Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of the joint, proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

5.  **Settlement Conference:** Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

6.  **Case Dispositive Motions:** All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before February 8, 2008. Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order must be accompanied by an explanation or your request will be denied.

7.  **Applications by Motion:** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

8.  **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

9.  **Pretrial Conference.** On June ___, 2008, beginning at _____ __.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel

a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. **Motions *in limine*:** No party shall file more than five(5) motions in limine. Briefs **(opening, answering and reply)** on all motions in limine shall be filed by June 13, 2008. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this court's website at www.ded.uscourts.gov on or before June 20, 2008.

10.   **Trial.**   This matter is scheduled for a 4 day bench trial beginning at 9:00 a.m. on July ___, 2008.

11.   **Scheduling:**   The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE