IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INVISTA S.à.r.l. and INVISTA (Canada) Company, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Civil Action No.: 07-119 (GMS) |
| v. | ) ) | |
| FIBER RESOURCES INTERNATIONAL, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF FIBER RESOURCES INTERNATIONAL, INC. IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

Defendant Fiber Resources International, Inc. ("FRI") hereby submits this memorandum in support of its motion to transfer venue of this case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1406 or, in the alternative, 28 U.S.C. § 1404(a).

I.  INTRODUCTION

Plaintiffs INVISTA S.à.r.l. and INVISTA (Canada) Company (collectively "Invista Plaintiffs") filed this action in the United States District Court for the District of Delaware, alleging that venue is proper based on an alleged agreement by FRI to lay venue in this Court. See Complaint ¶ 7. FRI disputes that it agreed to be governed by the terms and conditions in which this venue provision is found. FRI further maintains that even if it is governed by the terms and conditions, that the venue provision is invalid and, therefore, disputed that the District of Delaware is the proper

venue. Therefore, FRI respectfully requests that the Court transfer this case to the United States District Court for the Northern District of Georgia, a proper venue for this action.

II.     FACTS

Plaintiff INVISTA S.à.r.l. is a corporation organized and existing under the law of the country of Luxembourg with its principal place of business in Kansas. Complaint ¶ 2. Plaintiff INVISTA (Canada) Company is a Canadian company organized and existing under the laws of the province of Ontario with its principal place of business in Ontario. Complaint ¶ 3. FRI is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia. Complaint ¶ 4. FRI does not transact business in Delaware. Affidavit of Jack Arthur Hamilton ("Hamilton Affidavit") ¶ 5.

The Invista Plaintiffs are in the business of selling fiber. Complaint ¶ 9. FRI is a distributor of industrial fibers and yarns to North American markets. Hamilton Affidavit ¶ 5. FRI first began purchasing fiber from the Invista Plaintiffs or their predecessor, in 1997. Hamilton Affidavit ¶ 6. When FRI began making purchases from the Invista Plaintiffs, the purchases were not documented by sales confirmations. Hamilton Affidavit ¶ 8. The Invista Plaintiffs began sporadically mailing or faxing sales confirmations. Hamilton Affidavit ¶ 9. Those sales confirmations never referenced Terms and Conditions. Id. Invoices from the Invista Plaintiffs usually referenced terms and conditions on the reverse side of the documents; However, the back side of the document was blank. Id. In or about May 2006, FRI received approximately three (3) invoices with the Terms and Conditions attached. Hamilton Affidavit ¶ 10. In at least one of those three instances, the document arrived after the shipment of fiber. Id. No one from the Invista Plaintiffs ever discussed these terms

with FRI, and FRI never agreed to them. Hamilton Affidavit ¶ 11-12. Neither the Invista Plaintiffs nor FRI shipped any fibers or payments through Delaware. Hamilton Affidavit ¶ 7.

III.     ARGUMENT

    A.     THE CASE SHOULD BE TRANSFERRED BECAUSE THE DISTRICT OF DELAWARE IS NOT A PROPER VENUE.

The Court has authority to transfer an action to a different venue when the venue is not proper. 28 U.S.C. §1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or ditrict shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Since venue is improper in this case, the Court should either dismiss the case or transfer the case to a different district.

The Invista Plaintiffs premise venue in this case on the choice of venue provision in the Terms and Conditions document. See Complaint ¶ 7. As detailed above, FRI never agreed to be bound by these terms and conditions. Hamilton Affidavit ¶ 12. In fact, FRI never saw these terms and conditions until May 2006, approximately nine years after it began doing business with the Invista Plaintiffs. Hamilton Affidavit ¶ 8-10. Therefore, the entire document is inapplicable to the dispute between the parties. If the venue provision is inapplicable, Delaware is an improper venue because FRI is incorporated in Georgia, has its principal place of business in Georgia, and does not transact business in Delaware. Hamilton Affidavit ¶ 4-5.

Even if the parties were bound by the Terms and Conditions, which FRI maintains they are not, the venue provision contained therein is ineffective and does not govern the parties

because Delaware has no relationship to either party or to the transaction. "The jurisdiction whose law is adopted by the express intent of the parties must be one which has a real connection with one or more of the various elements of the contract and parties may not arbitrarily select the law of some jurisdiction which has no relation to the matter in controversy." William Whitman Company, Inc. v. Universal Oil Products Company, 125 F.Supp. 137, 147 (D. Del. 1954). Although this case specifically refers to choice of law provisions, the rationale is directly applicable to the case at hand. Parties should not be permitted to litigate in an jurisdiction totally unrelated to the parties and the transaction at issue. The Restatement (Second) of Conflict of Laws § 187 echos this rule of law. Section 187 states, in pertinent part:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied...unless...(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice...

Rest. 2d § 187. In this case, Delaware has no connection to the dispute between FRI and the Invista Plaintiffs.

The Court should therefore transfer the case to a forum in which the case could have originally been brought - here, the Northern District of Georgia. A corporation is subject to suit in in any judicial district in which it is incorporated or is licensed to do business or is doing business. See 28 U.S.C. § 1391(c). FRI is a Georgia corporation with its principal place of business in Atlanta, Georgia, the seat of the Northern District of Georgia. All orders to the Invista Plaintiffs were made from Atlanta and shipped to either Atlanta, Georgia or Central Falls, Rhode Island..Hamilton Affidavit ¶ 7.

B.      THE CASE SHOULD BE TRANSFERRED BECAUSE THE DISTRICT OF DELAWARE IS AN INCONVENIENT FORUM FOR THE PARTIES AND WITNESSES.

Even if venue with technically proper in Delaware, which FRI maintains it is not, the Court should transfer the case in the interest of convenience to the parties and witnesses pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Determining whether to transfer the case requires a two step analysis: (1) could the suit have been brought in the transferee district and (2) in which district would the proper administration of justice be best served." Waste Distillation Technology, Inc. v. Pan American Resources, Inc., 775 F.Supp. 759, 762 (D. Del. 1991). As explained above, the case could have been brought in the Northern District of Georgia.

Step two of the analysis requires balancing factors bearing on the convenience to each party and the public interest in the orderly administration of justice. See Jumara v. State Farm Insurance Company, 55 F.3d 873, 879 (3rd Cir. 1995). Factors often considered include: (1) plaintiffs' choice of forum, (2) whether the claim arose elsewhere, (3) the convenience of the parties and witnesses, and (4) the practical considerations that could make the trial easy, expeditious, or inexpensive." Id.

With regard to the first factor, "Courts will not blindly prefer the plaintiff's choice of forum. The forum must reflect the plaintiff's rational and legitimate concerns." Waste Distillation Technology, Inc.., 775 F.Supp. at 764. Where a plaintiff chooses not the litigate at its "home turf,"

5

the plaintiff's choice of forum is given significantly less deference. Id.; Penwalt Corporation v. Purex Industries, Inc., 659 F.Supp. 287, 290 (D. Del. 1986). Here, since the Invista Plaintiffs have no connection to Delaware and the transactions at issue did not occur in Delaware, no preference should be given to Plaintiffs' choice.

The second factor, whether the claim arose elsewhere, also weighs in favor of transferring the case to a different forum. All orders to the Invista Plaintiffs were made from Atlanta, Georgia and shipped to either Atlanta, Georgia or Central Falls, Rhode Island. Hamilton Affidavit ¶ 7. Neither the Invista Plaintiffs nor FRI shipped any fibers or payments through Delaware. Id.

The final factors, the convenience of the parties and witnesses and the practical considerations that could make the trial easy, expeditious, or inexpensive, are related. None of the parties, their witnesses, or the relevant documents and records are in Delaware. Further, it is desirable to hold trial at a place where the personal attendance of witnesses can be secured through subpoena. See Penwalt Corporation, 659 F.Supp. at 291. Under Fed.R.Civ.P. 45 (e)(1), "a subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district or at any place without the district that is within 100 miles of the place of the hearing or trial." Id., citing Fed.R.Civ.P. 45 (e)(1). Thus, nonparty witnesses in this case cannot be compelled to attend trial in Delaware. Finally, attendance by a substantial number of employees at a lengthy trial would place a significant burden on FRI and should be considered. See id. at 290.

Litigation in Delaware is convenient to neither party. All relevant factors weigh in favor of litigating in a forum closer to FRI, the Northern District of Georgia, the site of the transactions at issue in this case.

CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Fiber Resources International, Inc., respectfully requests that the Court transfer venue of this case to the United States District Court for the Northern District of Georgia.

Dated: January 14, 2008.

                                                Respectfully submitted,

                                                /s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

Of counsel:
W. WINSTON BRIGGS
State Bar of Georgia #081653
DECKER, HALLMAN, BARBER & BRIGGS
260 Peachtree Street, N.W., Suite 1700
Atlanta, Georgia 30303
(404) 522-1500

Attorneys for defendant

Attn: Sharon Zinns

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVISTA S.à.r.l. and INVISTA (Canada) Company,<br><br>Plaintiffs,<br><br>v.<br><br>FIBER RESOURCES INTERNATIONAL, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Civil Action No.: 07-119(GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF JACK ARTHUR HAMILTON

STATE OF GEORGIA

COUNTY OF GWINNETT

Personally appeared before me, the undersigned officer duly authorized by law to administer oaths, JACK ARTHUR HAMILTON, who, after being duly sworn, deposes and states as follows:

(1)

My name is Jack Arthur Hamilton. I am over the age of 18. I have personal knowledge of the facts stated herein and know them to be true.

(2)

I give this Affidavit in support of Defendant Fiber Resources International's Motion to Transfer venue and for all other lawful purposes.

(3)

I am the President of Defendant Fiber Resources International, Inc. ("FRI").

1

(4)

FRI is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia.

(5)

FRI is a distributor of industrial fibers and yarns to North American markets. However, FRI does not transact business in the State of Delaware.

(6)

FRI first began purchasing fiber from the Invista Plaintiffs or their predecessor, in 1997.

(7)

All orders to the Invista Plaintiffs were made from Atlanta, Georgia and shipped to either Atlanta, Georgia or Central Falls, Rhode Island. Neither the Invista Plaintiffs nor FRI shipped any fibers or payments through Delaware.

(8)

When FRI began making purchases from the Invista Plaintiffs, the purchases were not documented by sales confirmations.

(9)

After some time, the Invista Plaintiffs began sporadically mailing or faxing sales confirmations. Those sales confirmations never referenced Terms and Conditions. Invoices from the Invista Plaintiffs usually referenced terms and conditions on the reverse side of the documents; however, the reverse side of the document was always blank.

(10)

In or about May 2006, FRI received approximately three (3) invoices with the Terms and Conditions attached. In at least one of those three instances, the document arrived after the shipment of fiber.

(11)

No one from the Invista Plaintiffs ever discussed the Terms and Conditions with FRI

(12)

FRI never agreed to the Terms and Conditions.

AFFIANT FURTHER SAYETH NOT.

_____
Jack Arthur Hamilton, Affiant.

Sworn to and subscribed before me
this 7th day of January 2008

_____
Notary Public

[Notary seal: PAULA HEAD, NOTARY, EXPIRES AUG. 9, 2010, GEORGIA, FAYETTE COUNTY]