IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INVISTA S.à r.l. and INVISTA (Canada) Company, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-119 (GMS) |
| FIBER RESOURCES INTERNATIONAL, INC., | ) ) ) ) | |
| Defendant. | ) | |

## FINAL CONSOLIDATED PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R.

Civ. P. ("Rule") 16, and Robert L. Lee, Alston & Bird LLP, 1201 West Peachtree Street, Atlanta,

Georgia  30309-3424, and Jeffrey L. Moyer, Richards, Layton & Finger, One Rodney Square,

920 North King Street, P.O. Box 551, Wilmington, DE 19899, having appeared as counsel for

plaintiffs, and David L. Finger, Finger & Slanina, LLC, 1201 North Orange Street, Suite 725,

Wilmington, DE 19801, and W. Winston Briggs, Decker, Hallman, Barber & Briggs, 260

Peachtree Street, Suite 1700, Atlanta, GA 30303, having appeared as counsel for defendant, the

following actions were taken:

(1)    This is an action for breach of contract, tortious interference with contractual relations,

and tortious interference with prospective business relations. The jurisdiction of the court

arises under 28 U.S.C. §1332. The parties state that they do not dispute jurisdiction. The

parties stipulate that the amount in controversy exceeds $75,000.

(2)    The following stipulations and statements are submitted, attached to, and made a part of

this proposed Order.

(a)    A comprehensive stipulation or statement of all uncontested facts, which will

become a part of the evidentiary record in the case, attached hereto as Exhibit A;

(b)     An agreed statement, or statements, by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to, attached hereto as Exhibit B;

(c)     Except for exhibits to be used for purposes of rebuttal and/or impeachment, schedules in the form set out in the attached Exhibit C, including:

      i.  All documentary evidence, which shall be marked for identification before trial, including documents, summaries, charts and other items expected to be offered into evidence; and

     ii.  Any demonstrative evidence and experiments to be offered during trial;

(d)     A list or lists of names and addresses of the potential witnesses to be called by each party, including a statement of any objections to the calling of, or to the qualifications of, any witness identified in the attached Exhibit D;

(e)     Any stipulations or statements setting forth the qualifications of each expert witnesses in such form that the statement can be read to the jury at the time the expert witness takes the stand. The parties state that they are not relying on experts in this case.

(f)     A list of all depositions, or portions thereof, to be read into evidence, as well as any statements of objections thereto, attached hereto as Exhibit E;

(g)     An itemized statement of special damages, attached hereto as Exhibit F.

(h)     Waivers of any claims or defenses that have been abandoned by any party. The parties state they do not intend to waive any claims or defenses raised in the pleadings.

(i)     For a jury trial, each party shall provide the following:

     (i)     Trial briefs, except as otherwise ordered by the court;

2

(ii)     Three sets of marked proposed jury instructions, verdict forms, and special interrogatories, if any; and

(iii)    a list of the questions the party requests the court to ask prospective jurors in accordance with Fed. R. Civ. P. 47(a) and D.Del. LR 47.1(a).

The parties state this is not a jury trial.

(j)      For a non-jury trial, each party shall provide proposed Findings of Fact and Conclusions of Law in duplicate;

(k)      A statement summarizing the history and status of settlement negotiations, including whether further negotiations are ongoing and likely to be productive, attached as Exhibit G;

(l)      A statement that each party has completed discovery, including the depositions of expert witnesses (unless the court has previously ordered otherwise), attached as Exhibit H. Absent good cause shown, the parties agree no further discovery shall be permitted.

(m)      Motions in Limine: No party shall file more than five (5) motions in limine without prior approval of the court. Briefs (opening, answering, and reply) on all such motions shall be due at the time of the filing of this Pretrial Order. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties should submit an original and two (2) copies, excluding appendices, declarations, affidavits and exhibits. The parties state there are no motions in limine pending before the Court at this time.

(3)   Trial of this case is expected to take two (2) days.

(4)   Indicate the type of trial by placing an X in the appropriate box.

Jury ____     Non-jury __X__

3

(5)     This Order will control the course of the trial and may not be amended, except by consent

of the parties and the court, or by order of the court to prevent manifest injustice.

(6)     The parties state that the possibility of settlement of this case was considered.


_____/s/Jeffrey L. Moyer_____     _____/s/David L. Finger_____
Jeffrey L. Moyer (#3309)                        David L. Finger (#2556)
moyer@rlf.com                                   dfinger@delawgroup.com
Kelly E. Farnan (#4395)                         Finger & Slanina, LLC
farnan@rlf.com                                  One Commerce Center
Richards, Layton & Finger                       1201 North Orange Street, Suite 725
One Rodney Square                               Wilmington, DE 19801
920 North King Street                           (302) 884-6766
Wilmington, DE 19801                            *Attorneys for Defendant*
(302) 651-7525                                  *Fiber Resources International, Inc.*
*Attorneys for Plaintiffs*
*INVISTA S.à r.l. and*
*INVISTA (Canada) Company*


OF COUNSEL:                                     OF COUNSEL:

Robert L. Lee                                   W. Winston Briggs (#081653)
bob.lee@alston.com                              wbriggs@dhbblaw.com
Alston & Bird LLP                               Jan M. Seanor  (#076229)
1201 West Peachtree Street                      jseanor@dhbblaw.com
Atlanta, GA 30309-3424                          Decker, Hallman, Barber & Briggs
(404) 881-7000                                  260 Peachtree Street, Suite 1700
                                                Atlanta, GA 30303
                                                (404) 522-1500


IT IS SO ORDERED this _____ day of June, 2008.


_____
Honorable Gregory M. Sleet
Chief Judge, United States District Court

# EXHIBIT A

EXHIBIT A
Statement of Uncontested Facts

1.     INVISTA S.à r.l. is a corporation organized and existing under the laws of the country of Luxembourg with its principal place of business at 4123 East 37th Street North, Wichita, Kansas 67220-3203. INVISTA S.à r.l. is in the business, amongst others, of selling off-quality fiber.

2.     INVISTA (Canada) Company is a Canadian company organized and existing under the laws of the Province of Ontario with its principal place of business at 7070 Mississauga Road, Missisauga, Ontario L5M 2H3.  INVISTA (Canada) Company is also in the business, amongst others, of selling off-quality fiber.

3.     FRI is a corporation organized and existing under the laws of the State of Georgia with its principal place of business at 1100 Spring Street, Suite 830, Atlanta, Georgia 30309.  At the time of its business dealings with INVISTA, FRI was in the business of purchasing fiber and reselling it to customers.

4.     INVISTA is one of the world's largest providers of integrated fibers and polymers. Amongst its other businesses, INVISTA sells off-quality fiber to customers for use in various products and for various applications.  Beginning at least as early as 2001, INVISTA began selling off-quality fiber to FRI through a series of individual purchase agreements.

5.     Generally, to initiate a purchase, FRI would contact INVISTA to inquire how much of a particular fiber was available for sale from INVISTA at any given time.  INVISTA would respond to FRI with the amount of the desired fiber that was available.  In some instances, FRI would thereafter submit Purchase Orders to INVISTA identifying the type and volume of particular fiber it desired to purchase.

6.     In response to FRI's requests, or at times purchase orders, INVISTA would in some instances issue Order Acknowledgements to FRI specifying the fiber type, quantity, sales price,

and shipping information for the particular order. At times, depending on the volume specified by FRI, INVISTA would issue multiple Order Acknowledgements to fill a particular Purchase Order. In other instances, INVISTA simply shipped product to FRI without sending Order Acknowledgements.

7.     Upon shipment of fiber to FRI, INVISTA would issue an Invoice to FRI for the amount due from FRI for that shipment. At times, INVISTA would provide FRI with an invoice after the fiber identified in the invoice had been shipped.

8.     From April through June 2006, FRI purchased fiber in the amount of $589,471.26 from INVISTA in a series of transactions.

9.     FRI accepted the fiber shipped by INVISTA in connection with each purchase transaction.

10.     FRI did not pay INVISTA for the fiber that it shipped to FRI from April through June 2006.

2

# EXHIBIT B

EXHIBIT B
Statement of Contested Issues of Fact and Law

A.    Agreed Contested Issues:

    1.    Whether FRI breached any of the purchase order agreements with INVISTA regarding the fiber FRI purchased and INVISTA shipped between April through June 2006

    2.    Whether FRI's failure to pay INVISTA for the fiber purchased between April and June 2006 was justified to the extent that any outstanding balance owed to INVISTA is set off by the amount of damages INVISTA has caused FRI to suffer.

    3.    Whether INVISTA is entitled to special damages in the amount of $589,471.26 for the invoiced fiber INVISTA shipped to FRI between April and June 2006.

    4.    Whether INVISTA is entitled to pre-judgment or post-judgment interest for the invoiced fiber shipped to FRI between April and June 2006.

    5.    Whether INVISTA is entitled to attorney's fees and costs.

    6.    Whether FRI and INVISTA entered into a valid and enforceable exclusive dealings agreement for the processing and sale of certain substandard waste yarns and materials to the extent that FRI agreed to assist INVISTA in creating a profitable market for such materials, and INVISTA agreed to exclusively use FRI to sell such materials to its customers.

    7.    Whether INVISTA breached any valid and enforceable exclusive dealings agreements with FRI.

    8.    Whether INVISTA tortuously interfered with FRI's contractual business relations.

    9.    Whether INVISTA tortuously interfered with FRI's prospective business relations.

10.  Whether FRI is entitled to compensatory and/or punitive damages in an amount to be proven at trial for the loss of profits from INVISTA's breach of the exclusive sales agreement, as well as for INVISTA's tortious interference with contractual business relations and/or INVISTA's tortious interference with FRI's prospective business relations.

11.  Whether FRI is entitled to attorney's fees and costs.

B.  <u>Disputed Contested Issues</u>: The parties state there are no disputed contested issues.

2

# EXHIBIT C

EXHIBIT C
List of Documentary and Demonstrative Exhibits

A.    <u>For Plaintiff</u>: Notwithstanding any exhibits to be used for purposes of rebuttal and/or impeachment, Plaintiff states it will introduce the following <u>documentary</u> evidence during trial:  Exhibit C-1.

B.    <u>For Plaintiff</u>: Notwithstanding any exhibits to be used for purposes of rebuttal and/or impeachment, Plaintiff states it will introduce the following <u>demonstrative</u> evidence during trial:  None

C.    <u>For Defendant</u>: Notwithstanding any exhibits to be used for purposes of rebuttal and/or impeachment, Defendants states it will introduce the following <u>documentary</u> evidence during trial: A copy of all purchase orders, invoices, emails and correspondence and other series of transaction receipts evidencing the business relationship between FRI and INVISTA from 2001 through and including June of 2006   Profit and loss records evidencing losses of FRI due to Invista's breach of the parties' exclusive dealings agreement.  Plaintiff objects to the introduction by Defendant of any documents or other evidence not produced prior to the date of the submission of this Order.

D.    <u>For Defendant</u>: Notwithstanding any exhibits to be used for purposes of rebuttal and/or impeachment, Defendants states it will introduce the following <u>demonstrative</u> evidence during trial: None.

# EXHIBIT C-1

EXHIBIT C-1
Plaintiffs' Exhibit List

| Exhibit No. | Description |
|---|---|
| 1 | Fiber Resource International's Responses to Plaintiffs' First Set of IROGS and RFP served 01/21/2008 (Deposition Exh. 4) |
| 2 | Invista Load List (Deposition Exh. 5) |
| 3 | Invoices and shipping documents (Deposition Exh. 6) |
| 4 | DuPont MSDS spec re Nylon Fiberstock (Deposition Exh. 7) |
| 5 | DuPont MSDS spec "Lycra" Spandex Fiber (Deposition Exh. 8) |
| 6 | 4/15/2005 Invista Notice of Bid Opportunity for Nylon Recycle Materials (Deposition Exh. 9) |
| 7 | 4/17/2006 Invista Notice of Bid Opportunity for Nylon Recycle Materials (Deposition Exh. 10) |
| 8 | 3/24/2006 Email from Andy Howell to Art Hamilton and Laurie Norris re Rewound Ind Inventory (Deposition Exh. 11) |
| 9 | 3/3/2006 Email from Art Hamilton to Laurie Norris re placing PO for 1680's and 1890's (Deposition Exh. 12) |
| 10 | 7/30/2004 Email from Art Hamilton to Frankie Cheek and Laurie Norris requesting concrete (Deposition Exh. 13) |
| 11 | 6/22/2004 Email from Laurie Norris to Donessa Fletcher and Andy Howell requesting releases for various products (Deposition Exh. 14) |
| 12 | Pricing notes for first 3 months 2004 (Deposition Exh. 15) |
| 13 | 4/16/2004 Email exchange between Art Hamilton and Andy Howell re items discussed at meeting (Deposition Exh. 16) |
| 14 | 8/24/2004 Email from Andy Hamilton to Art Hamilton et al. re Meeting 8/23 (Deposition Exh. 17) |
| 15 | 1/3/2005 Email from Lance Nunley to Art Hamilton re nylon (Deposition Exh. 18) |
| 16 | 10/25/2005 Email exchanges between Art Hamilton and Andy Howell re notes from meeting (Deposition Exh. 19) |
| 17 | Fiber Resource International's Financials (Deposition Exh. 20) |
| 18 | Fiber Resource International's P&L Jan through Dec 2004 (Deposition Exh. 21) |
| 19 | DuPont Invoice to Fiber Resource International's dated 11/13/2002 (Deposition Exh. 22) |
| 20 | Invoices and shipping documents 2003 (Deposition Exh. 23) |
| 21 | Invoices and shipping documents 4-5/2004 (Deposition Exh. 24) |
| 22 | Invoices and shipping documents 5-6/2004 (Deposition Exh. 25) |
| 23 | Invoices and shipping documents 8/2004 (Deposition Exh. 26) |
| 24 | Invoices and shipping documents 1/2005 (Deposition Exh. 27) |
| 25 | Invoices and shipping documents 1/2005 (Deposition Exh. 28) |
| 26 | Invista Order Responses (Deposition Exh. 30) |
| 27 | Invista Invoices to Fiber Resources International (Deposition Exh. 31) |

| 28 | April, 2004 Emails (Invista 0015421-22) |
| 29 | May 2004 Emails (Invista 00154243-48) |
| 30 | May 2004 Emails (Invista 00154250-51) |
| 31 | June 2004 Emails (Invista 00154268-72) |
| 32 | July 2004 Email (Invista 00154304) |
| 33 | July 2004 Email (Invista 00154311) |
| 34 | November 2004 Emails (Invista 00154414-17) |
| 35 | November 2004 Emails (Invista 00154449-51) |
| 36 | November 2004 Email (Invista 001544157) |
| 37 | November-December 2004 Emails (Invista 00154477-79) |

# EXHIBIT D

EXHIBIT D
List of Witnesses

A.    For Plaintiff:

    1.    Plaintiff <u>will</u> call:

        a.    Andy Howell

        b.    Jack Arthur Hamilton

    2.    Plaintiff <u>may</u> call:

        a.    Lance Nunley

        b.    Timothy Maxman

        c.    Laurie Norris

Plaintiff objects to Defendant calling any witness at trial that was not identified during discovery.

B.    For Defendant:

    1.    Defendant <u>will</u> call:

        a.    Jack Arthur "Art" Hamilton

    2.    Defendant <u>may</u> call:

        a.    Lance Nunley

        b.    Jeff Barger

        c.    William Price

        d.    Frankie Cheek

        e.    Keith Garrett

        f.    John Irby

        g.    Bob Cruso

        h.    Bob Sellers

        i.    Timothy Maxman

        j.    Andy Howell

        k.    Any witness listed on Plaintiff's witness lists

        l.    Laurie Norris

# EXHIBIT E

EXHIBIT E
List of Depositions to be Read into Evidence

A.    <u>For Plaintiff</u>:

     1.    Jack Arthur "Art" Hamilton

     2.    Timothy Maxxman

     3.    Laurie Norris

B.    <u>For Defendant</u>:

     1.    Timothy Maxman

# EXHIBIT F

EXHIBIT F
Itemization of Special Damages

A.    <u>For Plaintiff</u>: Plaintiff seeks the damages identified in its Complaint and provides the invoices for fiber shipped to FRI between April and June 2006 identified on Exhibit C-1. Plaintiff objects to Defendant seeking any damages that have not been identified prior to the date of the submission of this Order.

B.    <u>For Defendant</u>: Defendant will provide itemized list of damages at trial.

# EXHIBIT G

EXHIBIT G

Statement of Status of Settlement Negotiations

The parties have actively engaged in settlement negotiations over the course of this litigation. The parties submitted this matter to mediation on April 23, 2008. The mediation was unsuccessful. The parties do not anticipate that this matter will be resolved prior to trial.

2

# EXHIBIT H

ALL-STATE® LEGAL 800-222-0510    EDR81    RECYCLED

EXHIBIT H
Statement of Status of Discovery

The parties have exchanged all relevant written discovery and responses. Plaintiff has conducted three depositions. Plaintiff has requested additional financial related documents from Defendant. Upon the production of those documents, the parties anticipate that discovery will be complete. Plaintiff objects to Defendant's introduction of any documents or other evidence that was not produced prior to the date of the submission of this Order.

3